IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CPV KEENAN II RENEWABLE ENERGY COMPANY, LLC | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-13-795-D |
| OKLAHOMA GAS AND ELECTRIC COMPANY | ) ) ) | |
| Defendant. | ) ) | |

## ANSWER

Defendant Oklahoma Gas and Electric Company ("OG&E") for its Answer to the First Amended Complaint [Doc. No. 8] states as follows:

### PARTIES AND JURISDICTION

1.   OG&E is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1, and, therefore, denies the allegations set forth in paragraph 1 of the First Amended Complaint.

2.   OG&E admits the allegations contained in paragraph 2 of the First Amended Complaint.

3.   OG&E is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3, and, therefore, denies the allegations set forth in paragraph 3 of the First Amended Complaint.

4. OG&E is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4, and, therefore, denies the allegations set forth in paragraph 4 of the First Amended Complaint.

5. OG&E admits that it and CPV Keenan II Renewable Energy Company, LLC ("CPV") are parties to the Wind Energy Purchase Agreement (the "Agreement") as defined and described in paragraph 5 of the First Amended Complaint. OG&E denies all other allegations contained in paragraph 5 of Plaintiff's First Amended Complaint.

6. OG&E admits the allegations contained in paragraph 6 of the First Amended Complaint.

7. OG&E denies the allegations contained in paragraph 7 of the First Amended Complaint.

8. OG&E denies the allegations contained in paragraph 8 of the First Amended Complaint.

## OG&E's BREACH OF THE AGREEMENT

9. OG&E denies the allegations contained in paragraph 9 of the First Amended Complaint.

10. OG&E denies the allegations contained in paragraph 10 of the First Amended Complaint.

11. OG&E denies the allegations contained in paragraph 11 of the First Amended Complaint.

## COUNT I
## (BREACH OF CONTRACT)

12. OG&E restates and incorporates by reference each preceding paragraph in this Answer in response to paragraph 12 of the First Amended Complaint.

13. OG&E denies the allegations contained in paragraph 13 of the First Amended Complaint.

14. OG&E denies the allegations contained in paragraph 14 of the First Amended Complaint.

## REQUEST FOR RELIEF

OG&E denies that CPV is entitled to any of the relief sought in the Request for Relief in the First Amended Complaint, including, but not limited to, the items of relief identified by designations (a) through (f) therein.

## DEFENSES AND AFFIRMATIVE DEFENSES

OG&E maintains that discovery and investigation may reveal that one or more of the following affirmative defenses should be available to OG&E in this matter. OG&E, therefore, asserts these defenses to preserve the right to assert them as separate and distinct affirmative defenses to the First Amended Complaint and to the causes of action therein. Upon completion of discovery, and if the facts warrant, OG&E may withdraw any of its defenses as may be appropriate. Further, OG&E reserves the right to amend this Answer to assert additional claims or defenses as discovery proceeds.

1. The First Amended Complaint fails to state a claim upon which relief may be granted.

2. CPV failed to join persons needed for just adjudication.

3. CPV's claims are barred, in whole or in part, by the applicable statute(s) of limitations.

4. CPV failed to satisfy one or more conditions precedent under the Agreement.

5. CPV's claims are barred, in whole or in part, by the doctrine of laches.

6. CPV's damages, if any, were not proximately caused by any act or omission of OG&E.

7. CPV's damages, if any, were caused by CPV's own actions and/or inactions or the actions and/or inactions of others over whom OG&E had no control and for whom OG&E is not responsible.

8. CPV is barred from recovery by the doctrines of unclean hands and equitable estoppel.

9. CPV is barred from recovery by the doctrines of waiver and estoppel.

10. CPV failed to mitigate its damages.

11. OG&E hereby gives notice that it intends to rely upon such other affirmative defenses as may become available or apparent during the course of discovery and thus reserves the right to amend its Answer to assert such defenses.

WHEREFORE, OG&E denies that CPV is entitled to the relief sought in the First Amended Complaint and the Request for Relief contained therein.  Further, OG&E seeks recovery of its costs and reasonable attorney's fees, and for such other and further relief at law and in equity as this Court deems just and equitable.

Respectfully submitted,

*/s/ Michael R. Perri*
Michael R. Perri, OBA #11954
Jason A. Dunn, OBA #22788
PHILLIPS MURRAH P.C.
Corporate Tower, Thirteenth Floor
101 N. Robinson
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-4100
Facsimile: (405) 235-4133
Email:   mrperri@phillipsmurrah.com
          jadunn@phillipsmurrah.com

***Attorneys for Defendant Oklahoma Gas and Electric Company***

00768877.DOCX

**CERTIFICATE OF SERVICE**

  I hereby certify that on the 3rd day of September, 2013, I electronically filed the foregoing document with the Clerk of the Court using the ECF system. Based on the records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the following ECF Registrants:

 Mack J. Morgan, III, OBA #6397
 C. Miles Tolbert, OBA #14822
 Crowe & Dunlevy
 20 N. Broadway Ave., Suite 1800
 Oklahoma City, OK  73012
 Telephone: (405) 235-7700
 Facsimile: (405) 239-6651
 Email: mack.morgan@crowedunlevy.com
     miles.tolbert@crowedunlevy.com

 ***Attorneys for Plaintiff CPV Keenan II Renewable Energy Company, LLC***

              */s/ Michael R. Perri*