## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CPV KEENAN II RENEWABLE ENERGY COMPANY, LLC, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. CIV-13-795-D ) |
| OKLAHOMA GAS AND ELECTRIC COMPANY, | ) ) ) |
| Defendant. | ) |

### JOINT STATUS REPORT AND DISCOVERY PLAN

**Date of Conference**: November 25, 2013 .

**Appearing for Plaintiff**: Mack J. Morgan III, OBA #6397
C. Miles Tolbert, OBA #14822
CROWE & DUNLEVY
A Professional Corporation
20 N. Broadway Ave., Suite 1800
Oklahoma City, Oklahoma 73012
(405) 235-7700
(405) 239-6651
mack.morgan@crowedunlevy.com
miles.tolbert@crowedunlevy.com

**Appearing for Defendant**: Michael R. Perri, OBA #11954
Jason A. Dunn, OBA #22788
PHILLIPS MURRAH P.C.
Corporate Tower, Thirteenth Floor
101 N. Robinson
Oklahoma City, Oklahoma 73012
(405) 235-4100
(405) 235-4133
mrperri@phillipsmurrah.com
jadunn@phillipsmurrah.com

**Jury Trial Demanded   X     Non-Jury Trial  ❑**

1. **BRIEF PRELIMINARY STATEMENT**. State briefly and in ordinary language the facts and positions of the parties to inform the judge of the general nature of the case.

A. <u>Plaintiff</u>: Plaintiff, CPV Keenan II Renewable Energy Company, LLC ("CPV"), owns and operates a wind farm in Woodward County, Oklahoma (the "Keenan Wind Farm").  CPV constructed the wind farm on the strength of a Wind Energy Purchase Agreement ("Agreement") with the Defendant, Oklahoma Gas and Electric Company ("OG&E").  The Agreement sets outs the price OG&E is to pay for power it receives from the Keenan Wind Farm.  The Agreement also sets out the price OG&E is to pay in those instances in which Keenan has power to sell, but delivery of that power is curtailed for any one of a number of transmission system reasons.

Beginning shortly after the wind farm began operations in late 2010, OG&E repeatedly curtailed the delivery of energy from the Keenan Wind Farm.  When CPV invoiced OG&E for the curtailed energy OG&E refused to pay.  The amounts owed for this curtailed energy now exceed $8 million.

OG&E contends that the curtailments were at the direction of the Southwest Power Pool ("SPP"), the regional entity that oversees the electrical grid, and that it had arranged what is termed "firm" transmission for the Keenan Farm.  However, with respect to the subject curtailments the SPP never directed curtailment of the Keenan Farm and the transmission OG&E had arranged was not firm.

B. <u>Defendant</u>:  Defendant Oklahoma Gas and Electric Company ("OG&E") acknowledges that under the Agreement it is to pay CPV for power it receives from the Keenan Wind Farm, and, subject to certain conditions or exceptions, to pay for power curtailments, *i.e.*, power tendered to the transmission system for delivery but not accepted.  However, the Agreement provides that OG&E shall not be responsible to pay for curtailments in certain exceptions, including, but not limited to, (a) in case of a system emergency or any action permitted to be taken by OG&E pursuant to the applicable Interconnection Agreement; (b) a force majeure event affecting either OG&E or CPV; and (c) any curtailment by the SPP of "firm" service arranged by OG&E or CPV to provide power to or from the delivery point.

OG&E has "firm" service through the SPP as contemplated by the Agreement.  OG&E further states that any and all applicable curtailments directed by the SPP fell into the exception categories discussed above and were administered as operationally necessary in a commercially reasonable and non-discriminatory manner by OG&E.

2. **JURISDICTION**. State the basis on which the jurisdiction of the Court is invoked and any presently known objections.

   A. <u>Plaintiff:</u>  This Court has jurisdiction over and is the proper venue for this matter under 28 U.S.C. §§ 1332(a)(1) and 1391(b), as this action is between citizens of different states, the matter in controversy exceeds $75,000, exclusive of interest and costs, and a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

   B. <u>Defendant:</u>

3. **STIPULATED FACTS**. List stipulations as to all facts that are not disputed, including jurisdictional facts.

   A. OG&E is an Oklahoma corporation with its principal place of business in Oklahoma.

   B. CPV and OG&E are parties to the Agreement.

   C. CPV has submitted invoices to OG&E for curtailed energy that OG&E has not paid.

4. **CONTENTIONS AND CLAIMS FOR DAMAGES OR OTHER RELIEF SOUGHT**.

   A. <u>Plaintiff</u>:  Plaintiff's First Amended Complaint (Dkt. 8) more fully sets out Plaintiff's contentions and claims for damages or other relief, but Plaintiff submits the following as a summary of its claims:

      i. Breach of contract - OG&E's failure to make payments to OG&E for curtailment energy as required under the Agreement constitutes a breach of the Agreement.  OG&E has also acted in bad faith in responding to the curtailments.  This too constitutes a breach of the Agreement.  The unpaid amounts now exceed $8 million.

      ii. Injunctive relief - OG&E's continuous refusal to make payments for curtailment energy has caused, and continues to cause harm to CPV, thus, CPV is entitled to injunctive relief.

      iii. Plaintiff further asks the Court to award Plaintiff compensatory damages, interest, declaratory relief, an award of costs, an award of attorneys' fees and such other relief as the Court deems just and proper.

B. <u>Defendant</u>: OG&E's Answer (Dkt. 14) more fully sets out OG&E's contentions and defenses to Plaintiff's claims for liability, damages and other relief. In summary, OG&E denies Plaintiff's claims for liability and damages based on breach of contract and bad faith. OG&E also denies Plaintiff's request for injunctive relief. OG&E further seeks recovery of its costs and reasonable attorney's fees, and for such other and further relief at law and in equity as this Court deems just and equitable.

5. **APPLICABILITY OF FED. R. CIV. P. 5.1 AND COMPLIANCE**.

Do any of the claims or defenses draw into question the constitutionality of a federal or state statute where notice is required under 28 U.S.C. § 2403 or Fed. R. Civ. P. 5.1?

❑ Yes   **X** No

6. **MOTIONS PENDING AND/OR ANTICIPATED** (include date of filing, relief requested, and date responsive brief to be filed).

CPV and OG&E anticipate filing a motion for summary judgment at the appropriate time.

7. **COMPLIANCE WITH RULE 26(a)(1)**. Have the initial disclosures required by Fed. R. Civ. P. 26(a)(1) been made?   ❑ Yes   **X** No
If "no," by what date will they be made?   12/15/2013

8. **PLAN FOR DISCOVERY**.

A. The discovery planning conference (Fed. R. Civ. P. 26(f)) was held on <u>Thursday, November 7, 2013</u>.

B. The parties anticipate that discovery should be completed within <u>6-9</u> months. Plaintiff prefers the shorter time.

C. In the event ADR is ordered or agreed to, what is the minimum amount of time necessary to complete necessary discovery prior to the ADR session? _____.

D. Have the parties discussed issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced, pursuant to Fed. R. Civ. P. 26(f)(3)(C)?

**X** Yes   ❑ No

    E.    Have the parties discussed issues relating to claims of privilege or of protection as trial-preparation material pursuant to Fed. R. Civ. P. 26(f)(3)(D)?

        **X** Yes    ❏ No

        To the extent the parties have made any agreements pursuant to Fed. R. Civ. P. 26(f)(3)(D) and Fed. Rules of Evid. 502(e) regarding a procedure to assert claims of privilege/protection after production and are requesting that the court include such agreement in an order, please set forth the agreement in detail below and submit a proposed order adopting the same.

    F.    Identify any other discovery issues which should be addressed at the scheduling conference, including any subjects of discovery, limitations on discovery, protective orders needed, or other elements (Fed. R. Civ. P. 26(f)) which should be included in a particularized discovery plan.
        The parties contemplate the entry of a protective order.

9. **ESTIMATED TRIAL TIME**: Four days

10. **BIFURCATION REQUESTED**:    ❏ Yes    **X** No

11. **POSSIBILITY OF SETTLEMENT**: ❏ Good    **X** Fair    ❏ Poor

12. **SETTLEMENT AND ADR PROCEDURES**:

    A.    Compliance with LCvR 16.1(a)(1) - ADR discussion:    **X** Yes  ❏ No

    B.    The parties request that this case be referred to the following ADR process:

        ❏ Court-Ordered Mediation subject to LCvR 16.3
        ❏ Judicial Settlement Conference
        ❏ Other
        X  None - the parties do not request ADR at this time.

13. **Parties consent to trial by Magistrate Judge?**    ❏ Yes **X** No

14. **Type of Scheduling Order Requested. X** Standard - ❏ Specialized (If a specialized scheduling order is requested, counsel should include a statement of reasons and proposal.)

Submitted this 21st day of November, 2013.

    s/Mack J. Morgan III
Mack J. Morgan III, OBA #6397
C. Miles Tolbert, OBA #14822
CROWE & DUNLEVY
A Professional Corporation
20 N. Broadway Ave., Suite 1800
Oklahoma City, Oklahoma 73012
(405) 235-7700
(405) 239-6651
mack.morgan@crowedunlevy.com
miles.tolbert@crowedunlevy.com

**ATTORNEYS FOR PLAINTIFF CPV KEENAN II RENEWABLE ENERGY COMPANY, LLC**


  /s *Michael R. Perri*
Michael R. Perri, OBA #11954
Jason A. Dunn, OBA #22788
PHILLIPS MURRAH P.C.
Corporate Tower, Thirteenth Floor
101 N. Robinson
Oklahoma City, Oklahoma 73012
(405) 235-4100
(405) 235-4133
mrperri@phillipsmurrah.com
jadunn@phillipsmurrah.com

**ATTORNEYS FOR DEFENDANT OKLAHOMA GAS AND ELECTRIC COMPANY, LLC**